| Attorney or Party Name, Address, Telephone & FAX Numbers and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Ron Bender (SBN 143364)<br>Krikor J. Meshefejian (SBN 255030)<br>Levene, Neale, Bender, Rankin & Brill L.L.P.<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, CA 90067<br>Tel: (310) 229-1234<br>Fax: (310) 229-1244<br><br>*Attorney for* Castellino Villas, A K.F. LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>CASTELLINO VILLAS, A K.F. LLC<br><br>Debtor(s). | |
|---|---|
| Castellino Villas, A K.F. LLC<br>Plaintiff(s).<br><br>vs.<br><br>Evanston Insurance Company, et al.<br>Defendant(s). | CHAPTER: 11<br>CASE NO.: 2:09-bk-29228-ER<br><br>ADVERSARY NO.: 2:10-ap-01064-ER<br><br>DATE: 3/18/10<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 1568 |

## JOINT STATUS REPORT
## LOCAL BANKRUPTCY RULE 7016-1(a)(2)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The parties submit the following JOINT STATUS REPORT in accordance with Local Bankruptcy Rule 7016-1(a)(2):

**A.   PLEADINGS/SERVICE:**

1. Have all parties been served?   ☒ Yes   ☐ No

2. Have all parties filed and served answers to the complaint/ counter-complaints/etc.?   ☒ Yes   ☐ No

3. Have all motions addressed to the pleadings been resolved?   ☐ Yes   ☒ No

4. Have counsel met and conferred in compliance with Local Bankruptcy Rule 7026-1?   ☒ Yes   ☐ No

5. If your answer to any of the four preceding questions is anything *other* than an unqualified "YES," then please explain below *(or on attached page)*:
   See Attachment.

*(Continued on next page)*

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                    **F 7016-1.1**

## **Attachment to Question No. 5**

This case had previously been stayed pending the resolution of an arbitration dispute between Castellino Villas, A K.F. LLC and Campbell Corners Limited Partnership I, on the one hand ("Plaintiffs") and Picerne Construction Corp., on the other hand. The arbitration has been completed, a judgment confirming the arbitration award has been entered, and Plaintiffs have appealed that judgment. Plaintiffs are ascertaining whether and how the arbitration award, judgment thereon and appeal has any effect upon this adversary proceeding. Plaintiffs believe that the arbitration award did not resolve all of the disputes pending in this adversary proceeding, and the appeal of the judgment confirming the arbitration award will affect this proceeding. Plaintiffs understand that the defendants may argue that the arbitration resolved the issues pending in this proceeding. Any such disputes could be resolved by motions.

Defendant Evanston contends that part of the issues and facts involved in the arbitration dispute are essential to and at the very crux of this claim. The Arbitrator's decision on certain facts, and an award of money based on that decision, affect a substantial part of Plaintiffs' claim in this litigation. If the Arbitration Award is being appealed, this defendant (Evanston) contends that little, if anything, can be done until the appeal is resolved. Evanston and other parties waited while the Arbitration was pending – now that it is being appealed, the determination of issues here will need to await the finding on the appeal.

| Joint Status Report - *Page 2* | | F 7016-1.1 |
|---|---|---|
| In re<br>CASTELLINO VILLAS, A K.F. LLC | | CHAPTER: 11 |
| | | CASE NO.: 2:09-bk-29228-ER |
| | Debtor(s). | ADVERSARY NO.: 2:10-ap-01064-ER |

B. **READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

    **Plaintiff**               **Defendant**

    March 2011                  April 2011

2. If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.

    **Plaintiff**               **Defendant**

    This case was stayed pending arbitration, and as a result, no discovery has been conducted in this case, although arbitration discovery may be relevant herein.    Defendant agrees.

3. When do you expect to complete your discovery efforts?

    **Plaintiff**               **Defendant**

    December 2010               January 2011

4. What additional discovery do you require to prepare for trial?

    **Plaintiff**               **Defendant**

    See attachment

C. **TRIAL TIME:**

1. What is your estimate of the time required to present your side of the case at trial (including rebuttal stage if applicable)?

    **Plaintiff**               **Defendant**

    Three to six days           Ten to fifteen days

2. How many witnesses do you intend to call at trial (including opposing parties)?

    **Plaintiff**               **Defendant**

    Five to seven witnesses.    Eight to ten witnessess

3. How many exhibits do you anticipate using at trial?

    **Plaintiff**               **Defendant**

    50 exhibits, subject to increase depending on the results of discovery.    50-100 exhibits

*(Continued on next page)*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                F 7016-1.1

| Joint Status Report - *Page 3* | | F 7016-1.1 |
|---|---|---|
| In re<br>CASTELLINO VILLAS, A K.F. LLC | | CHAPTER: 11 |
| | | CASE NO.: 2:09-bk-29228-ER |
| | Debtor(s). | ADVERSARY NO.: 2:10-ap-01064-ER |

**D.    PRE-TRIAL CONFERENCE:**

A pre-trial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See Local Bankruptcy Rule 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pre-trial conference _x_ (is)/ ___ (is not) requested.<br>Reasons: _____ | Pre-trial conference _X_ (is)/ ___ (is not) requested.<br>Reasons: _____ |
| **Plaintiff** | **Defendant** |
| Pre-trial conference should be set <u>after</u>: | Pre-trial conference should be set <u>after</u>: |
| (date) 12/01/10 | (date) 02/01/11 |

**E.    SETTLEMENT:**

1.  What is the status of settlement efforts?
    See Section F below.

2.  Has this dispute been formally mediated?         ☐ Yes    ☒ No
    If so, when?

3.  Do you want this matter sent to mediation at this time?

    **Plaintiff**                              **Defendant**
    ☐ Yes  ☒ No                          ☒ Yes  ☐ No

*(Continued on next page)*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 7016-1.1

| Joint Status Report - *Page 4* | F 7016-1.1 |
|---|---|
| In re<br>CASTELLINO VILLAS, A K.F. LLC<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 2:09-bk-29228-ER<br>ADVERSARY NO.: 2:10-ap-01064-ER |

**F.    ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** *(Use additional page if necessary.)*

Plaintiffs' counsel has met and conferred with counsel for all defendants. Plaintiffs' counsel has directly discussed the possibility of settlement with counsel for Evanston Insurance Company, and has discussed the case issues with the remaining defendants. Plaintiffs are amenable to settlement discussions pending further analysis and discovery related to the effects of the arbitration award upon the claims and causes of action at issue herein. Though the arbitration award was confirmed as a judgment by the Superior Court of California, County of Sacramento, the order confirming the arbitration award has been appealed by Plaintiffs. Plaintiffs dispute that all of the claims at issue in this proceeding were dispensed with in arbitration.

Defendant Evanston contends that an appeal of the Arbitration Award significantly impacts any ability to meaningfully proceed with this action since the determination of factual issues and the award of damages in the Arbitration has a tremendous impact on the facts, issues, and damages in this proceeding.

Note: This case was previously stayed pending the arbitration proceeding and removed by Plaintiff Castellino to the District Court for the Eastern District of California after entry of the judgment confirming Picerne's arbitration award. Plaintiff Castellino filed a motion to transfer venue in the Eastern District to transfer this case to this Court. Plaintiff Castellino's motion was unopposed (all Defendants except for CNC Contractors, Inc. affirmatively filed non-oppositions). The Eastern District Court granted the motion, thereby transferring venue of this action to this Court.

Respectfully submitted,

Dated:  03/04/10

LEVENE, NEALE, BENDER, RANKIN & BRILL LLP
Firm Name

By:    /s/ Krikor J. Meshefejian

Name:  Krikor J. Meshefejian

Attorney for:   Castellino Villas, A K.F. LLC

Dated:  03/04/10

WOOD, SMITH, HENNING & BERMAN LLP
Firm Name

By:   [signature]

Name:  Richard W. Freeman Jr.

Attorney for:   Evanston Insurance Company

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 7016-1.1

Joint Status Report - Additional Party Attachment - *Page 1 of 2*     **F 7016-1.1a**

| In re | CHAPTER: 11 |
|---|---|
| CASTELLINO VILLAS, A K.F. LLC | CASE NO.: 2:09-bk-29228-ER |
| Debtor(s). | ADVERSARY NO.: 2:10-ap-01064-ER |

Additional Party Name: American Underlayment Systems, Inc.

Plaintiff _____     Defendant __X__     Other *(specify)*: _____

**B. READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?
   April 2011.

2. If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.
   No discovery has been conducted to date due to the stay. In addition the ruling on the appeal of the order confirming the arbitration aware will impact the direction of the case.

3. When do you expect to complete your discovery efforts?
   January 2011.

4. What additional discovery do you require to prepare for trial?
   Written discovery and depositions.

**C. TRIAL TIME:**

1. What is your estimate of the time required to present your side of the case at trial (including rebuttal stage if applicable)?
   3-4 days.

2. How many witnesses do you intend to call at trial (including opposing parties)?
   Unknown at this time.

3. How many exhibits do you anticipate using at trial?
   Unknown at this time.

**D. PRE-TRIAL CONFERENCE:**

A pre-trial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See Local Bankruptcy Rule 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pre-trial conference ___ (is)/ ___ (is not) requested.

Reasons: _____

Pre-trial conference should be set after (date): _____

*(Continued on next page)*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009     **F 7016-1.1a**

| Joint Status Report - Additional Party Attachment - *Page 2 of 2* | **F 7016-1.1a** |
|---|---|
| In re<br>CASTELLINO VILLAS, A K.F. LLC | CHAPTER: 11 |
| | CASE NO.: 2:09-bk-29228-ER |
| Debtor(s). | ADVERSARY NO.: 2:10-ap-01064-ER |

### E. SETTLEMENT:

1. What is the status of settlement efforts?

   There have been no settlement discussions with Plaintiff's counsel since no discovery has been conducted due to the stay. Settlement discussions would be premature until a decision on the appeal is reached.

2. Has this dispute been formally mediated?   ☐ Yes   ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?   ☒ Yes   ☐ No

### F. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL: *(Use additional page if necessary.)*

Mediation is preferred after a decision has been reached with regard to the appeal on the order confirming the arbitration award since it is this Defendant's position that all issues with regard to any construction defect claims were addressed and ruled upon at the arbitration between Plaintiffs and Piceme.

Respectfully submitted,

Dated: 3/4/10

Ericksen Arbuthnot
*Firm Name*

By: [signature]

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                       **F 7016-1.1a**

| Joint Status Report - Additional Party Attachment - *Page 1 of 2* | **F 7016-1.1a** |
|---|---|
| In re<br>CASTELLINO VILLAS, A K.F. LLC<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 2:09-bk-29228-ER<br>ADVERSARY NO.: 2:10-ap-01064-ER |

Additional Party Name: CJS Plumbing, Inc.

Plaintiff _____      Defendant  X      Other *(specify)*: _____

**B.  READINESS FOR TRIAL:**

1.  When will you be ready for trial in this case?
    November 15, 2010.

2.  If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.
    This action was under a stay for a period of years in State Court while the prinicpal parties conducted a binding arbitration. None of the remaining parties, including CJS had any opportunity to conduct discovery during that time. CJS's counsel also has calendar conflicts, inlcuding trials scheduled te begin on May 25, 2010, June 23, 2010, August 16, 2010.

3.  When do you expect to complete your discovery efforts?
    September 15, 2010.

4.  What additional discovery do you require to prepare for trial?
    Document requests; Interrogatories; percipient and expert witness depositions from prop owner & gen. contractor

**C.  TRIAL TIME:**

1.  What is your estimate of the time required to present your side of the case at trial (including rebuttal stage if applicable)?
    2 days

2.  How many witnesses do you intend to call at trial (including opposing parties)?
    Estimated three (3) witnesses (two percipient, one expert).

3.  How many exhibits do you anticipate using at trial?
    Approximately 50 (including documents, photos, and demonstrative exhibits).

**D.  PRE-TRIAL CONFERENCE:**

A pre-trial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See Local Bankruptcy Rule 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pre-trial conference  X  (is)/ ___ (is not) requested.

Reasons: _____

Pre-trial conference should be set after (date): 10/15/10

*(Continued on next page)*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                      **F 7016-1.1a**

| Joint Status Report - Additional Party Attachment - *Page 2 of 2* | F 7016-1.1a |
|---|---|
| In re<br>CASTELLINO VILLAS, A K.F. LLC | CHAPTER: 11<br>CASE NO.: 2:09-bk-29228-ER |
| Debtor(s). | ADVERSARY NO.: 2:10-ap-01064-ER |

**E.  SETTLEMENT:**

1. What is the status of settlement efforts?

    Efforts to date have included one telephone call between CJS's defense counsel and plaintiff's counsel discussing the possibility of trying to settle. No figures or settlement proposals have been exchanged.

2. Has this dispute been formally mediated?  ☐ Yes  ☒ No
    If so, when?

3. Do you want this matter sent to mediation at this time?  ☒ Yes  ☐ No

**F.  ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** *(Use additional page if necessary.)*

CJS will seek leave to amend its answer to plead a set off for monies owed to CJS for work it performed on the plaintiff's property, for which CJS was never paid.

Respectfully submitted,

Dated: 3/1/10

DIEPENBROCK & COTTER, LLP
*Firm Name*

By: /s/ Paul R. Cotter

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 7016-1.1a

| Joint Status Report - Additional Party Attachment - *Page 1 of 2* | F 7016-1.1a |
|---|---|
| In re<br>CASTELLINO VILLAS, A K.F. LLC<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 2:09-bk-29228-ER<br>ADVERSARY NO.: 2:10-ap-01064-ER |

Additional Party Name: CNC Contractors, Inc.

Plaintiff _____     Defendant  X      Other *(specify)*: _____

**B.  READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?
   February 2011

2. If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.
   This case was originally filed in State Court. A Stay was issued to allow Castellino and Perciene to pursue binding arbitration. This process was completed and a judgment entered favoring Perciene. Soon after the Bankruptcy was filed and the case removed to Federal Court. Another Stay was in place due to the Bankruptcy. Consequently, there has been no discovery on the underlying issues.

3. When do you expect to complete your discovery efforts?
   Assuming the case moves forward, then within ten to eleven months

4. What additional discovery do you require to prepare for trial?
   Exchange of written discovery, to include a defect list and cost of repair. Depositions of the Owners and general cot

**C.  TRIAL TIME:**

1. What is your estimate of the time required to present your side of the case at trial (including rebuttal stage if applicable)?
   Two days

2. How many witnesses do you intend to call at trial (including opposing parties)?
   Three

3. How many exhibits do you anticipate using at trial?
   Ten (depends on what is contained in the defect list and cost of repair)

**D.  PRE-TRIAL CONFERENCE:**

A pre-trial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See Local Bankruptcy Rule 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pre-trial conference  X  (is)/ ___ (is not) requested.

Reasons: _____

Pre-trial conference should be set *after* (date): 11/30/10

*(Continued on next page)*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 7016-1.1a

Joint Status Report - Additional Party Attachment - *Page 2 of 2*    **F 7016-1.1a**

| In re | CHAPTER: 11 |
|---|---|
| CASTELLINO VILLAS, A K.F. LLC | CASE NO.: 2:09-bk-29228-ER |
| Debtor(s). | ADVERSARY NO.: 2:10-ap-01064-ER |

### E. SETTLEMENT:

1. What is the status of settlement efforts?

    None due to the Stay. However, the judgment entered in the State Court in favor of Perciene impacts the claim of Castellino against CNC Contractors.

2. Has this dispute been formally mediated?   ☐ Yes   ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?   ☐ Yes   ☒ No

### F. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL: *(Use additional page if necessary.)*

It is CNC's position the claim against them asserted by Castellino has been extinguished by the State Court Judgment and any remaining claim now rests with Perciene. Consequently, CNC should be dismissed from the Castellino Bankruptcy.

Respectfully submitted,

Dated: 3/2/10

Goates & McClellan
*Firm Name*

By:   Brian McClellan, Esq.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 7016-1.1a**

| Joint Status Report - Additional Party Attachment - *Page 1 of 2* | F 7016-1.1a |
|---|---|
| In re<br>CASTELLINO VILLAS, A K.F. LLC | CHAPTER: 11 |
| | CASE NO.: 2:09-bk-29228-ER |
| Debtor(s). | ADVERSARY NO.: 2:10-ap-01064-ER |

Additional Party Name: Picerne Construction Corp.

Plaintiff _____    Defendant  X    Other *(specify)*: _____

**B.    READINESS FOR TRIAL:**

1.  When will you be ready for trial in this case?
    This matter has already been fully and fairly resolved through arbitration and confirmed by court judgment. (Cont'd)

2.  If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.
    See Paragraph F, below, for further information.

3.  When do you expect to complete your discovery efforts?
    No discovery is necessary; this matter has already been fully litigated to judgment.

4.  What additional discovery do you require to prepare for trial?
    Not applicable.

**C.    TRIAL TIME:**

1.  What is your estimate of the time required to present your side of the case at trial (including rebuttal stage if applicable)?
    Not applicable.

2.  How many witnesses do you intend to call at trial (including opposing parties)?
    Not applicable.

3.  How many exhibits do you anticipate using at trial?
    Not applicable.

**D.    PRE-TRIAL CONFERENCE:**

A pre-trial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See Local Bankruptcy Rule 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pre-trial conference  X  (is)/ ___ (is not) requested.

Reasons: A pre-trial conference is requested immediately to address Plaintiff Castellino Villas, LLC's failure and refusal to conform its complaint to the judgment entered against it by the Sacramento Superior Court.

Pre-trial conference should be set after (date): _____

*(Continued on next page)*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 7016-1.1a

| Joint Status Report - Additional Party Attachment - *Page 2 of 2* | **F 7016-1.1a** |
|---|---|
| In re<br>CASTELLINO VILLAS, A K.F. LLC | CHAPTER: 11<br>CASE NO.: 2:09-bk-29228-ER |
| Debtor(s). | ADVERSARY NO.: 2:10-ap-01064-ER |

### E. SETTLEMENT:

1. What is the status of settlement efforts?

   Castellino Villas, LLC has not responded to Picerne's efforts to settle Picerne's claims.

2. Has this dispute been formally mediated?   ☒ Yes   ☐ No
   If so, when?
   February 2007

3. Do you want this matter sent to mediation at this time?   ☐ Yes   ☒ No

### F. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL: *(Use additional page if necessary.)*

Picerne requests an immediate hearing regarding Castellino Villas, LLC's failure and refusal to conform its complaint to the existing court judgment fully adjudicating the instant dispute. That judgment is res judicata as to all of Castellino's claims against Picerne and its subcontractors in the instant matter.

The instant removed action is a complaint by Castellino Villas, LLC against its builder's risk carrier (Evanston Insurance Company), Picerne Construction (the general contractor), and three subcontractors: CNC Contractors, CJS Plumbing, and American Underlayment. The complaint arises out of Castellino's claims that wind-driven rain permeated the Castellino Villas apartment complex during construction in December 2005 and January 2006, causing damage to Castellino. Castellino alleged that the damage was the fault of Picerne and its subcontractors, or, in the alternative, that its builder's risk carrier Evanston should have provided coverage for the claim.

As it is well aware, Castellino Villas, LLC already fully litigated its claims against Picerne in the arbitration regarding the work performed by Picerne and its subcontractors and Castellino's allegations of faulty work leading to the rain damage. Inter alia, this resulted in the arbitrator's finding that, "The Owner [Castellino] and the Contractor [Picerne] shall jointly share the December 2005-January 2006 rain storms' damages to and for the 'dried in' Castellino Project buildings, i.e., the Owner shall receive a set-off of $115,453.40." (March 11, 2009 Arbitration Award at pps. 22-23, as confirmed into a court judgment in Sacramento Superior Court Case No. 34-2009-00045395 on October 27, 2009.) This fully adjudicated the instant dispute as between Castellino Villas, LLC, Picerne, and Picerne's subcontractors.

On March 2, 2010, Picerne's counsel met and conferred with Castellino's counsel regarding the instant lawsuit. Castellino's counsel did not agree to conform the complaint to the existing judgment, and Picerne understands that Castellino is taking the position that further motion practice is required to resolve the issue. Castellino's actions ignore binding precedent and squander the resources of this Court, Picerne, and Picerne's subcontractors.

Respectfully submitted,

Dated: 3/2/10                                          Sheppard Mullin Richter & Hampton, LLP
                                                       *Firm Name*

                                                By:    /s/ Meredith Jones-McKeown

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                    **F 7016-1.1a**

| In re:<br>CASTELLINO VILLAS, A K.F LLC,<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:09-bk-29228-ER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067. A true and correct copy of the foregoing document described as

### JOINT STATUS REPORT [LBR 7016-1(a)(2)]

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 4, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Todd M Arnold    tma@lnbrb.com
- Ron Bender    rb@lnbrb.com
- Richard W Brunette    rbrunette@sheppardmullin.com
- Ori Katz    okatz@sheppardmullin.com
- Dare Law    dare.law@usdoj.gov
- Krikor J Meshefejian    kjm@lnbrb.com
- Mary E Olden    molden@mhalaw.com, akauba@mhalaw.com
- Robert K Sahyan    rsahyan@sheppardmullin.com
- James A Tiemstra    jat@tiemlaw.com, sml@tiemlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On March 4, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

*By U.S. mail*
*See attached list*

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 4, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re:<br>CASTELLINO VILLAS, A K.F LLC,<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:09-bk-29228-ER |
|---|---|

### By e-mail:

Counsel for Evanston Insurance Company
Richard W. Freeman, Jr., Esq.
Wood Smith Henning & Berman LLP
rfreeman@wshblaw.com

Counsel for American Underlayment
Norma Pedroza Chavez, Esq.
Ericksen Arbuthnot
nchavez@ericksenarbuthnot.com

Counsel for CJS Plumbing, Inc.
Paul R. Cotter, Esq.
Diepenbrock & Cotter LLP
prc@diepenbrockcotter.com

Counsel for CNC Contractors
Brian R. McClellan, Esq.
Law Offices of Goates & McClellan
MCCLELB@nationwide.com

Counsel for Piceme
Meredith Jones-McKeown
Sheppard Mullin, et al.
mjonesmckeown@sheppardmullin.com

### By attorney service:

The Hon. Ernest M. Robles
United States Bankruptcy Court
255 East Temple Street
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 4, 2010 | Marguerite Hardin | /s/ Marguerite Hardin |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| | | |
|---|---|---|
| Scott E. Hennigh, Esq.<br>Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4109 | Richard W. Freeman, Jr., Esq.<br>Grace Koss, Esq.<br>WOOD SMITH HENNING & BERMAN, LLP<br>1401 Willow Pass Road, Suite 700<br>Concord, CA 94520-7982 | Brian R. McClellan<br>Law Offices of Goates & McClellan<br>505 14th Street, Suite 1210<br>Oakland, CA 94612 |
| Dare Law, Esq.<br>Ofc of the U.S. Trustee<br>725 S. Figueroa St., 26th Floor<br>Los Angeles, CA 90017 | Norma Pedroza Chavez, Esq.<br>ERICKSEN ARBUTHNOT<br>835 Wilshire Blvd., Ste. 500<br>Los Angeles, CA 90017 | Paul R. Cotter<br>Diepenbrock & Cotter, LLP<br>1545 River Park Drive, Suite 201<br>Sacramento, CA 95815 |